UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SEMMATERIALS, L.P., an Oklahoma limited partnership, | |
| Plaintiff, | NO. CIV. S-08-0843 FCD GGH |
| v. | MEMORANDUM AND ORDER |
| MARTIN BROTHERS CONSTRUCTION, a California corporation, | |
| Defendant. | |
| MARTIN BROTHERS CONSTRUCTION, a California corporation, | |
| Counterclaimant, | |
| v. | |
| SEMMATERIALS, L.P., an Oklahoma limited partnership, | |
| Counterdefendant. | |

----oo0oo----

This matter is before the court on defendant/counterclaimant Martin Brothers Construction's ("Martin Brothers") motion for a preliminary injunction seeking an order that would allow it to

1

purchase a spray bar paver, either directly from a manufacturer or from plaintiff/counterdefendant SemMaterials, L.P. ("SemMaterials").[1]  The court heard testimony and oral argument on the motion on June 2, 2008 and announced from the bench its decision to deny the motion.  By this order, the court memorializes its reasons for the decision, previously stated on the record at the hearing.[2]

## STANDARD

To obtain a preliminary injunction, a party must show either: "(1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in [its favor]." Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998).  "The greater the relative hardship to the moving party, the less probability of success must be shown." Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th

---

[1] Martin Brothers also moved for an injunction seeking to prevent SemMaterials from making any representation, statement or assertion to any third party that Martin Brothers has or will infringe upon SemMaterials' patent rights.  At oral argument, Martin Brothers withdrew this requested relief for purposes of the motion for a preliminary injunction only, conceding that there was no evidence that SemMaterials was intending or threatening to make statements to third parties that were outside the scope of applicable privileges.

[2] The underlying facts of this case are exhaustively discussed by the parties in their briefs, and they accordingly are not discussed herein.

2

Cir. 1999). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation." E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 990 (9th Cir. 2006). Moreover, under either formulation of the test, a plaintiff must still demonstrate a significant threat of irreparable injury. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

## ANALYSIS

Martin Brothers seeks an order allowing it to acquire a spray bar paver, either by (1) enjoining performance of at least one of the purchase agreements entered into between SemMaterials (or its agents) and the only two manufacturers that supply a spray paving machine, Vogele and RoadTec, so that Martin Brothers may complete its purchase of a spray bar paver machine directly from a manufacturer; or (2) ordering SemMaterials to make available for purchase to Martin Brothers a spray bar paving machine at the same price offered to SemMaterials' sublicensees.

"A prohibitory injunction preserves the status quo." Stanley v. Univ. of Southern California, 13 F.3d 1313, 1320 (9th Cir. 1994) (citing Johnson v. Kay, 860 F.2d 529, 541 (2d Cir. 1988)). "A mandatory injunction 'goes well beyond simply maintaining the status quo *pendente lite* and is particularly disfavored.'" Id. (quoting Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979); Martinez v. Mathews, 544 F.2d 1233, 1243 (5th Cir. 1976)); see also Ludin v. Los Angeles County, 481 F.3d 1150, 1156 (9th Cir. 2007) (noting that a "heightened standard" applies to mandatory injunctive relief). A mandatory

3

1  injunction should not be issued "unless the facts and law clearly
2  favor the moving party." <u>Anderson</u>, 612 F.2d at 1114.
3      The relief requested by Martin Brothers in this case is a
4  mandatory injunction.  SemMaterials has allegedly entered into
5  contracts with manufacturers to purchase all available spray bar
6  paver machines.  Therefore, in order to allow Martin Brothers to
7  purchase a spray paver, the court would have to order that
8  SemMaterials breach its existing contract with at least one of
9  the manufacturers.  Alternatively, the court would have to order
10 SemMaterials to sell Martin Brothers one of its pavers.  In
11 either case, Martin Brothers asks this court to go beyond
12 maintaining the status quo.  Thus, in order to obtain such
13 relief, Martin Brothers must meet the heightened standard for a
14 mandatory injunction and demonstrate that the facts and law are
15 clearly it its favor.

**1.  Irreparable Injury**

17    Martin Brothers contends that it will suffer irreparable
18 injury if it is not allowed to purchase a spray paver.
19 Specifically, Martin Brothers asserts it will (1) lose over
20 $10,000,000 in contract earnings; (2) likely be force to pay
21 liquidated damages pursuant to its contract with CalTrans; and
22 (3) likely never be selected to perform work for CalTrans or any
23 other entity due to the breach.
24    Economic injury alone does not support a finding of
25 irreparable harm because such injury can be remedied by an award
26 of damages.  <u>Rent-a-Center, Inc. v. Canyon Television and
27 Appliance Rental, Inc.</u>, 944 F.2d 597, 603 (9th Cir. 1991) (citing
28 <u>Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League</u>,

4

634 F.2d 1197, 1201 (9th Cir. 1980)).  However, "intangible injuries, such as damage to ongoing recruitment efforts and goodwill, qualify as irreparable harm."  Id. (citing Regents of Univ. of Cal. v. Am. Broadcasting Cos., Inc., 747 F.2d 511, 519-20 (9th Cir. 1984)); Ross-Simons, Inc. v. Baccarat, Inc., 102 F.3d 12, 20 (1st Cir. 1996) ("By its very nature injury to goodwill and reputation is not easily measured or fully compensable in damages.").

To the extent Martin Brothers alleges monetary harm, such injury is not irreparable.  If it succeeds on the merits of its claims, Martin Brothers may seek money damages to compensate for this harm.  To the extent that Martin Brothers asserts reputational injury and damage to its goodwill, such injury may qualify as irreparable harm.  However, Martin Brothers' assertion that it will never be selected to perform work for CalTrans or any other entity once it has breached this contract assumes that Martin Brothers has no choice but to breach the contract if it does not obtain an injunction allowing the purchase of a paver.  The evidence belies this assumption.

Martin Brothers admits that it could rent a paver from a SemMaterials sublicensee for the three CalTrans contracts at a cost of approximately $1,063,685.00.  Martin Brothers argues that payment of these rental fees is not financially feasible because "it would eliminate any potential profit and even cut into Martin Brothers' non job-related income." (Decl. of Felipe Martin ("Martin Decl."), filed May 23, 2008, ¶ 29).  However, there is no evidence that Martin Brothers could not pay these rental fees up front or that it would be put out of business by doing so.

5

Rather, the testimony at trial revealed that Felipe Martin, president and owner of Martin Brothers, had already lined up a sub-contractor to begin performance of the work as early as June 9, 2008.  Moreover, in response to inquiries about the result of the failure to obtain a paver to perform the work itself, Felipe Martin testified that obtaining a spray paver was the "most cost-effective way" to perform on the contract.

The inability to perform on the contract in the "most cost-effective" manner does not amount to irreparable injury.  Martin Brothers may seek the added cost of being forced to hire a subcontractor as damages if it ultimately prevails in the litigation.  However, such cost is compensable by money damages and does not qualify as irreparable injury for purposes of injunctive relief.  This is particularly true in light of the heightened standard applied to mandatory injunctions.  Therefore, because the court finds that the asserted intangible harm could be avoided and subsequently compensated by money damages, Martin Brothers has failed to meet its burden of demonstrating irreparable injury if the court does not issue an injunction allowing it to purchase a paver.[3]

---

[3] Furthermore, the court notes that the evidence presented in conjunction with the motion for preliminary injunctive relief raises some doubts as to whether the harm complained of was a result of Martin Brothers' own conduct after being awarded the CalTrans contracts.  "Where the harm complained of is self-inflicted, it does not qualify as irreparable." Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 839 (3d Cir. 1995) (finding no irreparable injury where the harm complained of was the possibility of a representative hired by defendant entering into a settlement agreement on behalf of defendant); Dotster, Inc. v. Internet Corp. for Assigned Names and Numbers, 296 F. Supp. 2d 1159, 1163 (C.D. Cal. 2003) (holding that there was no irreparable injury where the harm resulted from the plaintiffs entering into a disadvantageous contract).

**2.   Likelihood of Success on the Merits**

Because Martin Brothers has failed to meet its burden of demonstrating irreparable harm, the court need not address its showing of likelihood of success on the merits.

### CONCLUSION

Therefore, for the foregoing reasons, Martin Brothers' motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

DATED: June 6, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE